

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

**vs.**

**CASE NO. 5:06CR78/RS**

**MANTRA FILMS, INC.**

_____

## PLEA AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between **MANTRA FILMS, INC.**, by and

through Aaron Dyer, Attorney for **MANTRA FILMS, INC.**, and the Obscenity

Prosecution Task Force of the Criminal Division of the United States Department of

Justice and the United States Attorney for the Northern District of Florida (collectively

the "Government"). This agreement specifically excludes and does not bind any other

state or federal agency, including other United States Attorneys and the Internal

Revenue Service, from asserting any civil, criminal or administrative claim against

**MANTRA FILMS, INC.** except as set forth herein.

### 2. TERMS

The parties agree to the following terms:

a.   **MANTRA FILMS, INC.** will waive the right to be indicted by a grand jury

and will plead guilty to Counts One through Ten of the Information, which charges:

1) In each of Counts 1-3 that **MANTRA FILMS, INC.** knowingly produced, manufactured and published any film, videotape, digital image or picture after November 1, 1990, which contains one or more visual depictions of actual sexually explicit conduct, which was shipped and intended to be shipped in interstate commerce, and for which **MANTRA FILMS, INC.** failed to create and maintain individually identifiable age and identification records required by 18 U.S.C. § 2257 and 28 C.F.R. § 75 pertaining to every performer portrayed in such visual depiction, a violation of 18 U.S.C. § 2257(f)(1); and

2) In each of Counts 4-10 that **MANTRA FILMS, INC.** knowingly sold and otherwise transferred and offered for sale and transfer, any video or other matter, that is a DVD, which contained one or more visual depictions of sexually explicit conduct and which was intended for shipment in interstate commerce, which does not have affixed thereto a statement describing where the required age documentation records for all performers depicted in such matter may be located, a violation of 18 U.S.C. § 2257(f)(4).

b. Defendant faces a maximum penalty of a fine of $500,000, twice the gross amount of any pecuniary gain that any persons derived from the offense, or twice the gross amount of any pecuniary loss sustained by any of the victims of the offense; a five year term of probation, and a $100 special monetary assessment for each count. The Court is also required to impose at least a 1-year term of probation if any of the conditions set forth in U.S.S.G. § 8D1.1 exist. Defendant may also be ordered to pay any costs of prosecution pursuant to U.S.S.G. § 8E1.3. **MANTRA FILMS, INC.** agrees

2

to pay the special monetary assessment on or before the date of sentencing. Defendant also consents and agrees to make restitution, if any, in an amount to be determined by the Court.

c.  In order for Defendant to be guilty of Counts One, Two and Three of the Information, which charge violations of 18 U.S.C. § 2257(f)(1), the following must be true: **MANTRA FILMS, INC.** produced a visual depiction that contained actual sexually explicit conduct and that **MANTRA FILMS, INC.** failed to create or maintain individually identifiable age and identification documentation for one or more of the performers who appear in that visual depiction. Defendant admits that Defendant is in fact guilty of these offenses as described in Counts One, Two and Three of the Information.

d.  In order for Defendant to be guilty of Counts Four, Five, Six, Seven, Eight, Nine and Ten of the Information, which charge violations of 18 U.S.C. §2257(f)(4), the following must be true: **MANTRA FILMS, INC.** knowingly sold and otherwise transferred and offered for sale and transfer, any video or other matter, that is a DVD, which contained one or more visual depictions of sexually explicit conduct and which was intended for shipment in interstate commerce, which did not have affixed thereto a statement describing where the required age documentation records for all performers depicted in that copy of the matter may be located, in violation of 18 U.S.C. § 2257(f)(4). Defendant admits that Defendant is, in fact, guilty of these offenses as described in Counts Four, Five, Six, Seven, Eight, Nine and Ten of the Information.

e.  Defendant, **MANTRA FILMS, INC.,** is pleading guilty because **MANTRA FILMS, INC.** is in fact guilty of the charges contained in the Information. In pleading

3

guilty to the offenses, defendant acknowledges that were this case to go to trial, the government could present evidence to support the charges beyond a reasonable doubt and stipulates to the statement of facts attached as **APPENDIX A.**

f. Upon the District Court's adjudication of guilt of **MANTRA FILMS, INC.** for violations of 18 U.S.C. § 2257(f)(1) and (f)(4), the Government will not file, based on information currently known to it, any further criminal charges against **MANTRA FILMS, INC.** for any violation of 18 U.S.C. § 2257(f)(1) or (f)(4) related to films that are no longer sold or distributed by MRA Holding and relating to which **MANTRA FILMS, INC.** was not in compliance with 18 U.S.C. § 2257(f)(1) or (f)(4), which films are listed in **APPENDIX B** hereto, or for any violation of 18 U.S.C. §§ 1461-1466 related to the distribution of the films "Totally Exposed Uncensored and Beyond, Volumes 1-12," or other charges related to the production, distribution or labeling of "Ultimate Spring Break Vol. 3. and Vol. 4" Nothing in this Agreement shall protect **MANTRA FILMS, INC.** from prosecution related to any other offense.

g. Defendant shall issue a public statement within twenty-four hours of sentencing stating that it violated 18 U.S.C. § 2257 and its accompanying regulations by failing to create and maintain individually identifiable age and identification records for some females filmed by Defendant during 2002 and 2003 for inclusion in videotapes and DVDs marketed under the trade name of "Girls Gone Wild." The statement shall be in the form agreed to as part of the deferred prosecution agreement between the Government and MRA Holding, LLC.

4

h. Defendant agrees that it will cooperate fully and provide or allow access to any documents or footage requested by the monitor appointed in accordance with the deferred prosecution agreement entered between the Government and MRA Holding, LLC.

i. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

## 3. SENTENCING

a. Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties.

b. The parties understand that the Court is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense. However, in accordance with U.S.S.G. § 8C2.10, the parties jointly recommend that the Court order a fine and restitution against **MANTRA FILMS, INC.** totaling $1,600,000. Any restitution ordered by the Court shall be in addition to and shall not be offset by, any fines paid by **MANTRA FILMS, INC.**, MRA Holding, LLC, or Joseph Francis in this or other related cases. The Government is not opposed to allowing defendant to pay the fine in two installments consisting of $1,000,000 within 10 days of sentencing and $600,000 60 days thereafter,

5

although the refusal of the Court to order a payment plan shall not be a basis to void this agreement. Although the Court retains sentencing discretion in this matter, this agreement shall be null and void in the event that the total amount of the fine and restitution ordered against **MANTRA FILMS, INC.** exceeds $1.6 million, or that the Court in the related prosecution of Joseph Francis imposes a sentence in excess of that agreed upon in the plea agreement of Joseph Francis. The agreement shall not be voided for any other sentence that may be imposed, including the length or conditions of supervised release.

c.      Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the total combined fine and restitution imposed is less than $1.6 million and otherwise in accordance with the terms of this agreement.

d.      Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

e.      The government reserves the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by Defendant, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

6

f.     The Government gives up its right to appeal any sentence imposed by the

Court, including any order of restitution, provided that the sentence is in accordance

with the terms of this agreement.

## 4. WAIVER OF RIGHTS

Defendant understands that by waiving indictment and pleading guilty,

Defendant gives up the following rights:

> a)  The right to have the case presented to a grand jury;

> b)  The right to persist in a plea of not guilty.

> c)  The right to a speedy and public trial by jury.

> d)  The right to the assistance of legal counsel at trial.

> e)  The right to be presumed innocent and to have the burden of proof

placed on the government to prove defendant guilty beyond a reasonable doubt.

> f)  The right to confront and cross-examine witnesses against defendant.

> g)  The right, if Defendant wished, to adduce testimony on defendant's

own behalf and present evidence in opposition to the charges, including the right to call

witnesses and to subpoena those witnesses to testify.

> h)  The right not to be compelled to testify, if applicable, and, if defendant

chose not to testify or present evidence, to have that choice not be used against

Defendant.

> i)  By pleading guilty, Defendant also gives up any and all rights to pursue

any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other

pretrial motions that have been filed or could be filed.

j) For purposes of this plea, Defendant is waiving any challenge to venue that it may have; however, nothing in this Agreement is to be construed as an admission that venue exists in the Northern District of Florida.

## 5. BREACH OF THE AGREEMENT

a. If Defendant, at any time between the execution of this agreement and Defendant's sentencing, knowingly violates or fails to perform any of Defendant's obligations under this agreement ("a breach"), the Government may declare this agreement breached. If the Government declares this agreement breached, and the Court finds such a breach to have occurred, Defendant will not be able to withdraw Defendant's guilty pleas, and the Government will be relieved of all of its obligations under the agreement.

b. Following a knowing and willful breach of this agreement by Defendant, should the Government elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

1. Defendant agrees that the applicable statute of limitations is tolled between the date of Defendant's signing of this agreement and the commencement of any such prosecution or action.

2. Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, and any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of Defendant's signing of this agreement.

3. Defendant agrees that: (i) any statements made by Defendant's agents, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement

8

in this agreement; and iii) any evidence derived from such statements, are admissible against Defendant in any future prosecution of Defendant, and Defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible in such prosecution.

### 6. RESULT OF VACATUR, REVERSAL OR SET-ASIDE

Defendant agrees that if any count of conviction is vacated, reversed, or set aside the Government may: (a) ask the Court to resentence Defendant on any remaining counts of conviction, with both the Government and Defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate Defendant's guilty pleas on any remaining counts of conviction, with both the Government and Defendant being released from all of their obligations under this agreement, or (c) leave Defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the Government.

### 7. CONSOLIDATED NEGOTIATION

**MANTRA FILMS, INC.** acknowledges that this Agreement is part of a consolidated negotiation in which the disposition of the criminal charges against **MANTRA FILMS, INC.** is contingent on the disposition of criminal charges against Joseph Francis, the founder, president, CEO, and sole shareholder of both companies, in the Central District of California and the execution and entry of a deferred

9

prosecution agreement against MRA Holding, LLC, in the Northern District of Florida.
**MANTRA FILMS INC.** acknowledges that it has directed its attorneys to negotiate this
Agreement as part of such a consolidated negotiation; has discussed with its attorneys,
and carefully considered, the possible advantages and disadvantages of entering into
this Agreement as part of such a consolidated negotiation; is entering into this
Agreement as part of such a consolidated negotiation freely and voluntarily because it
believes this Agreement and the consolidated negotiation to be in its best interests; and
is not entering into this Agreement as part of the consolidated negotiation because of
any threats, coercion, or undue influence by the Government or any of the parties to the
consolidated negotiation or their counsel. In addition, **MANTRA FILMS, INC.** after an
opportunity to consult with counsel, with respect to any actual or potential conflict
between its interests and the interests of MRA Holding, LLC and Joseph R. Francis, .
hereby waives any such actual or potential conflicts.

### 8. CORPORATE COUNSEL TO ENTER PLEA

Defendant agrees that corporate counsel will be allowed to enter its plea in this
matter and Defendant agrees that at the time it enters its guilty pleas, it will present to
the District Court all corporate resolutions and other representations that are needed for
it to comply with all terms of this plea agreement.

10

## CONCLUSION

There are no other agreements between the Government, **MANTRA FILMS,**

**INC.**, and **MANTRA FILMS, INC.**, enters this agreement knowingly, voluntarily and

upon advice of counsel.

AARON DYER
Attorney for Defendant

$\frac{9}{Date} / 12 / 0 lε$

SCOTT BARBOUR
President
Defendant MANTRA FILMS, INC.

$9 | 12 / 06$

Date

GREGORY R. MILLER
United States Attorney
Florida Bar No. 0284777

DIXIE A. MORROW
Florida Bar No. 354589
Assistant U.S. Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850-444-4000

$9 | 12 / 06$

Date

BRENT D. WARD
Director
Obscenity Prosecution Task Force

$9 / 12 / 06$

Date

11

## APPENDIX A

Defendant and the Government agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to Defendant that relate to that conduct:

1) At all times relevant to the Information, MANTRA FILMS, INC., doing business as Girls Gone Wild, produced, manufactured and published films, videotapes, DVDs or other similar matter and hired, contracted for, or otherwise arranged for the participation of the performers depicted in such matter.

2) MANTRA FILMS, INC., doing business as Girls Gone Wild, filmed females engaging in actual sexually explicit conduct in Panama City, Florida, on or about March 31, 2002, for the purpose of using such footage in films, videotapes, DVDs or other similar matter which MANTRA FILMS, INC., produced, released commercially and sold and distributed in interstate commerce.

3) During 2002 and part of 2003, MANTRA FILMS, INC., did not verify the age of performers filmed by examination of individually identifiable age and identification records, or to create and maintain individually identifiable age and identification records for performers in MANTRA FILMS, INC., films depicting actual sexually explicit conduct. In fact, during such time it was the practice of MANTRA FILMS, INC., not to create and maintain such records.

12

4) On March 31, 2002, MANTRA FILMS, INC., contracted with a cameraman to film sexually explicit footage for use in commercially marketed DVDs and videotapes under the trade name Girls Gone Wild.

5) Acting within the scope of his engagement, the cameraman filmed two female performers engaging in actual sexually explicit conduct in a bedroom in Panama City, Florida. The cameraman did not obtain sufficient individually identifiable age or identification records from the two performers.

6) MANTRA FILMS, INC., failed to create or maintain individually identifiable age and identification records for the two performers, as required by 18 U.S.C. § 2257(f)(1) and the regulations promulgated thereunder.

7) Despite having failed to create and maintain sufficient individually identifiable age and identification records, as required by federal law, MANTRA FILMS, INC., used footage depicting the two performers engaging in actual sexually explicit conduct, including masturbation and oral or simulated oral sex, in two of its commercially released titles that were sold in DVD and videotape format under the name Girls Gone Wild. These two titles are "Ultimate Spring Break, Volumes 3 and 4, the relevant parts of which were filmed on or about March 31, 2002, in Panama City, Florida.

8) A third title, "Girls Gone Wild on Campus Uncensored," which also contains visual depictions of actual sexually explicit conduct, was produced by MANTRA FILMS, INC., on or about June 20, 2003, and was sold and transported from the State of California to a Deputy Sheriff in Bay County, Florida, who was acting in an undercover capacity.

13

9) MANTRA FILMS, INC., did not create or maintain individually identifiable age and identification records for some of the performers depicted in actual sexually explicit conduct in "Ultimate Spring Break," Volumes 3 and 4, or in "Girls Gone Wild on Campus Uncensored."

10) From on or about May 21, 2003 through on or about June 11, 2003, MANTRA FILMS, INC., sold and transferred DVDs from the State of California to the Northern District of Florida with the following titles, all of which depict actual sexually explicit conduct and all of which failed to include a statement describing the location of the individually identifiable age and identification records required for all performers depicted in the films, as required by 18 U.S.C. § 2257(f)(4)and the regulations promulgated thereunder. These DVDs include the following titles:

"Totally Exposed Uncensored and Beyond;"

"Totally Exposed Uncensored and Beyond, Volume 2;"

"Totally Exposed Uncensored and Beyond, Volume 3;"

"Totally Exposed Uncensored and Beyond, Volume 4;"

"Totally Exposed Uncensored and Beyond, Volume 5;"

"Girls Gone Wild On Campus Uncensored;" and

"Girls Gone Wild College Girls Exposed/Sexy Sorority

Sweethearts."

14

## APPENDIX B

### MANTRA FILMS/MRA HOLDING PRODUCED FOOTAGE

Playboy's Casting Calls DVD Volume 1-12
Caught on Tape Volume 1-4
College Girls Exposed Vol 1-2
Sexy Sorority Sweethearts Vol 1-2
Totally Exposed Uncensored and Beyond Vol 1-12
Girls Gone Wild Endless Spring Vol 1-14
Girls Gone Wild Dorm Room Fantasies Vol 1-9
Girls Gone Wild on Tour Vol 1-8
Girls Gone Wild Ultimate Spring Break Vol 1-12
GGW Best of Endless Spring Break Vol 1-3
GGW Best of Ultimate Spring Break Vol 1-2
Girls Gone Wild: Best on Tour Vol 1-4
GGW Extreme Uncensored
Girls Gone Wild on Campus
GGW Party Extreme
Prison Files Vol 1-2

### MANTRA FILMS/MRA HOLDING LICENSED AND CONSIGNMENT FOOTAGE

Playboy's Casting Calls (vol. 1-13)
Playboy Mansion Parties' Hottest Moments/Behind the Scenes Uncensored
Playboy Mansion Parties Uncensored
Caught on Tape (vol. 1-4)
Co-Ed Tryouts
Sex Around the House
Prison Files (vol. 1-2)
Party Extreme
Blind Date Uncensored
Blind Date Uncensored Deluxe
Blind Date Dates From Hell Uncensored
Blind Date Freaks and Weirdos
Erotic Seduction
Fantasy Fest 99 (vol. 1-4)
Mardi Gras 99 (vol. 1-3)
Memorial Weekend T&A 99 (vol. 1-3)
Naked in Daytona 99 (vol. 1-2)
Labor Day Wet T&A (vol. 1-3)
Flashing in Public
Girls of the Kentucky Derby
Just Add Water Spring Break Lake Havasu
Key to Bush Fantasy Fest

Naked Mile Run
Lesbian Lovers Caught on Tape
Lovers Caught on Tape (vol. 1-3)
More Lovers Caught on Tape
Charlie's Guide to Lovemaking
Playboy Celebrities
Playboy Girlfriends
Playboy Girls Next Door Naughty and Nice
Playboy Girls of Hedonism
Playboy Playmate Erotic Adventures
Toys for Sex
Undercover Strippers
What Women Want
The Complete Anna Nicole Smith (vol. 1-2)