IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                    **CASE NO. 5:06cr78-RS**

**MANTRA FILMS, INC.**
_____/

## ORDER

Joseph R. Francis shall attend and represent Defendant Mantra Films, Inc. at the sentencing hearing on December 13, 2006. When imposing a sentence, I am required to consider the factors in 18 U.S.C. § 3553(a). The specific factors include:

> (1) the nature and circumstances of the offense and the history
>     and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed -
>   (A) to reflect the seriousness of the offense, to promote
>       respect for the law, and to provide just punishment for
>       the offense.

18 U.S.C. § 3553(a)(1) and (2)(A).

It is undisputed by both parties that Defendant corporation is dominated and controlled by Francis. The Plea and Cooperation Agreement states that Francis is the "founder, president, CEO, and sole shareholder of [Mantra Films, Inc.]." (Doc. 4:9 ¶ 7.) In addition, the minutes from the special meeting of the board of directors of Defendant Corporation (Doc. 3) label Francis its "sole director." It appears that the special meeting of the board of directors was convened on the eve of the change of plea hearing for the sole purpose of appointing a stand-in president to enter the guilty pleas on behalf of Defendant corporation so that Francis himself would not be inconvenienced by appearing in court and accepting responsibility. Further, Defendant corporation and Francis are both named defendants in civil case number 5:03cv260 that is pending in this Court. In that case, Francis and Mantra filed a "Memorandum of Law Regarding

Defendants' Fifth Amendment Rights and Proposed Discovery Schedule" on October 27, 2006 (Doc. 249).  The Memorandum requested that the deposition testimony of the defendant business entities be delayed because Francis, the only individual within those business entities possessing relevant information, could assert Fifth Amendment privileges against self-incrimination:

> The problem associated with setting the depositions of Mantra, MRA and Aero Falcons lies in the organization of these entities.  Each is a single-member LLC, with the sole member being Defendant Francis.  Neither MRA nor Aero Falcons employs personnel who could testify as to any of the issues in this lawsuit.  Mantra, in turn, does in fact have an office staff, but its cameramen involved in the incidents giving rise to this lawsuit were independent contractors, and not employees of Mantra.  Furthermore, Mr. Francis was the sole officer of the LLC at the time of the events at issue, and was also . . . the designated Custodian of Records with respect to the regulated materials that form the basis of Plaintiffs' complaint.  Hence, the only officer, member or employee of Mantra who could testify from firsthand knowledge regarding any of the issues in the lawsuit is, once again, Defendant Francis.

(Doc. 249:9-10.)

Having considered the nature and circumstances of the record and labeling crimes to which Defendant corporation has pled guilty and to which I have adjudicated it guilty, as well as the history and characteristics of Defendant corporation under 18 U.S.C. § 3553(a)(1), I find it appropriate that Francis - the custodian of records, founder, president, CEO, sole shareholder, sole director, and sole officer of Defendant corporation at the time the crimes were committed - must appear before this Court and represent Defendant corporation at the pronouncement of sentence.  I further find that requiring Francis's attendance at the sentencing hearing "promotes respect for the law" in furtherance of 18 U.S.C. § 3553(a)(2)(A).

**ORDERED** on November 29, 2006.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**